LUCINDA C. SIGLER *v.* R. M. VAUGHN *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Overruling demurrer. Appeal.*
A chancellor in his discretion may allow an appeal from a decree overruling a demurrer. Whatever may be the inconveniences, the statute is so written, and will not be evaded by construction.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH for complainant.

ESTES & ELLIOTT, CRAFT & COOPER, R. J. MORGAN and HUMES & POSTON for defendants.

FREEMAN, J., delivered the opinion of the court.

A motion is made to dismiss the appeals of defendants, Schobel, Tucker and wife, and Liddon and wife.

In the case of Schobel, his demurrer was sustained in part, but overruled as to the last point, with leave to rely on it in his answer at hearing. From this ruling, overruling the demurrer, he has appealed.

He is sued as surety on an administration bond, and the point made against him on this particular part of the case is, that on petition of former sureties of Cash, administrator of Isaac Bolton, a new bond in the sum of $65,000 was required to be given for his administration, and Schobel was one of the sureties, the suit being by the widow of Bolton, who had dissented from his will and married Sigler. The motion must be allowed as to Schobel; his demurrer, while in form and for the present disregarded, is still permitted him, and he stands on it in the court below Such a case is not within the Code on this subject: 6 Lea, 650.

The case of the other appellants is, that they are sued as devisees and legatees of John Harding, a surety on Cash's bond for administration of Bolton's estate. Harding is shown by the bill to have died, and his executrix qualified, and entered on her duties in November, 1871, and the estate claimed to have been wound up and the executrix discharged July, 1875. This suit was brought July, 1880, nearly nine years after probate of will and letters testamentary.

Sigler *v.* Vaughan.

The demurrer insists that no suit had ever been brought against the personal representatives of Harding, and none could have been brought against them as legatees and devisees without this, and that personal assets came to the hands of the executor, together with statute of limitations.

These defenses, if sustained, would relieve these parties of all liability in any event. The chancellor overruled demurrer based on them, and the question is, whether this appeal can be allowed till the other parties have been sued to final decree. It is clear the questions presented on this demurrer, if sustained, dismiss these defendants from the case, and are a complete defense to the case against them. They are not joint parties to the bonds, on which the liability is sought to be enforced, and their defenses are independent of the defenses to be made by others in the suit. No reason is seen why the suit may not take its regular progress, while this demurrer is being disposed of by this court.

By sec. 3157, Code, the chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes, determining the principles involved, and ordering an account, etc., or he may allow such appeal on overruling a demurrer, or he may allow *any* party to appeal from a decree which settles *his* right, although the case may not be disposed of as to others.

However we may construe the latter clause, whether as regarding a final decree on the merits, or a settlement of rights at any other stage, yet as to the right

of the chancellor to allow an appeal from overruling a demurrer, there is no qualification or limitation whatever. It is the right of the party, whose demurrer has been overruled, to ask, and within the discretion of the chancellor to grant the appeal. Whatever may be the inconveniences, the statute is so written; and there is, as we think, no need to evade it by construction.

We have held nothing to the contrary of this in the cases of *Grotenkemper* v. *Carver*, 4 Lea, 380, or *Hunter* v. *Gardenhire*, '10 Lea, 87. Both of these cases were appeals by complainants where demurrers were sustained, and not demurrers overruled, under the section of the Code cited. In the first case, the point suggested by the member of the court delivering the opinion, that the cause would still remain in court after dismissal by demurrer, and throwing a doubt on the right of appeal till the whole case is disposed of, was not adjudged at all. In the second case it was only adjudged that complainant could not appeal of right because the decree was not a final decree, settling the right on demurrer as to only a part of defendants. To this extent the cases are authority, no further. This being so, it is not seen that any rule of law will be contravened by allowing these appeals, and the statute will have its legitimate operation. It makes no exception, and, on careful reflection, we see no imperative need to make any by construction in this case. If inconveniences arise the remedy is with the Legislature, not the courts.

It is true we held, we would control an improper

Sigler *v.* Vaughan.

exercise of discretion by the chancellor in allowing an appeal on overruling a demurrer, in the case of *Boyd, Mosely & Co.* v. *Hunt,* 7 Lea, 82, but we can see no reason to say the discretion was not properly exercised in this case. In that case the necessary parties for settlement of the question involved in the case were not before the court at all.

We cannot construe the section of the Code to mean that a party can be allowed to appeal at discretion of the chancellor on overruling a demurrer, only after a final decree on the merits, or when all the other parties have demurred and had demurrers overruled and appeal, without repealing the statute or interpolating language that defeats its purpose.

As to the first case, a party could always appeal on final decree and get the benefit of his demurrer. In the other case, the right given is made to depend on the action of another, who may have no ground for demurrer, or an independent defense which he chooses to rely on.